## COMMONWEALTH *versus* SETH GAY.

CERTIORARI to the Municipal Court. In this case a complaint for a breach of one of the by-laws of Boston concluded " against the form of the by-laws of said city," &c., without concluding also against the form of the statute, and for this cause the proceedings were quashed. A like judgment was now entered for the same reason in the case of *Commonwealth, in Certiorari,* v. *Worcester.* See 3 Pick. 475.[2]

## JOSEPH N. HOWE *versus* JOHN MACKAY *et al.*

Under a plea of payment, in an action of debt on judgment, the defendant is not confined to evidence of a payment in money, but he may show that a chattel or a deed of land was given and received in satisfaction of the judgment. He must however prove, that the thing received was of the full value of the debt, or that it was agreed to be received as such.

THIS was debt upon a judgment recovered by the plaintiff against the defendants, for 8120 dollars debt, and 14 dollars costs. The defendants pleaded payment, and thereupon issue was joined.

At the trial, which was before *Putnam* J., it appeared that the plaintiff's execution, which was issued on the 24th of July, 1818, had been in the hands of the sheriff of Berkshire, to be levied on land of the debtors, which had been attached on the original writ, but that no satisfaction had been entered upon it. The defendants proposed to prove the payment to have been made by the conveyance of this land, by a deed expressing a consideration of 8000 dollars, dated August 8, 1818, made by the judgment debtors to the plaintiff, and in which their wives had released their right of dower. The plaintiff objected, that under this issue, evidence of a payment by the conveyance of real estate was not admissible, but that the payment must be proved to have been made in money;

---

[2] See *Stevens* v. *Dimond*, 6 N. Hamp. R. 330; 1 Chitty on Crim. Law, (3d Amer. ed.) 290, •. (74); Revised Stat. *c.* 137, § 14.